IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARY HANKINS SUTTON**                                                                                **PLAINTIFF**

**V.**                                                             **NO. 4:19-CV-74-DMB-JMV**

**ALLSTATE INSURANCE COMPANY and**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY**                                                    **DEFENDANTS**

## ORDER

Before the Court is Allstate Vehicle and Property Insurance Company's motion to dismiss certain counts of the second amended complaint for failure to state a claim. Doc. #17.

**I**
**Relevant Procedural History**

On March 12, 2019, Mary Hankins Sutton[1] filed a complaint in the Circuit Court of Bolivar County, Mississippi, against Allstate Insurance Company ("AIC") regarding the denial of an insurance claim. Doc. #5-2. On April 17, 2019, Sutton filed an amended complaint against AIC. Doc. #5-14. AIC, invoking diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on May 10, 2019. Doc. #1 at 2.

On July 24, 2019, with leave of the Court, Sutton filed a second amended complaint against AIC and Allstate Vehicle and Property Insurance Company ("Allstate").[2] Doc. #12. The same day, Sutton stipulated to the dismissal of AIC.[3] Doc. #13.

On August 8, 2019, Allstate filed a motion to dismiss certain counts of the second amended

---

[1] "Cameron Burchfield" was also listed as a plaintiff in the caption of the original complaint but was not referenced in the body of the complaint. Doc. #5-2 at 1. The listing appears to have been an error.

[2] The second amended complaint was originally filed on July 12, 2019, without an attorney signature. Doc. #11. It was refiled with a signature on July 24, 2019. Doc. #12.

[3] Sutton incorrectly named AIC as her insurer.

complaint. Doc. #17. After the motion to dismiss was fully briefed,[4] Sutton moved to amend her complaint for a third time to "clarify the cause of actions for bad faith and intentional infliction of emotional distress" in response to Allstate "fil[ing] a Motion to Dismiss Plaintiff's cause of actions for bad faith and intentional infliction of emotional distress … alleging that Plaintiff has not sufficiently plead these cause of actions." Doc. #38 at 1, 2. After receiving leave to amend, Doc. #48, Sutton filed her third amended complaint on December 2, 2019, Doc. #49.

## II
## Analysis

As a general rule, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Accordingly, the filing of an amended complaint will ordinarily moot a pending motion to dismiss unless the amended complaint "on its face" fails to address the alleged defects identified in the motion to dismiss. *See McIntyre v. City of Rochester*, 228 F. Supp. 3d 241, 241–42 (W.D.N.Y. 2017) (finding motion to dismiss moot where "[a]t least on its face, the amended complaint appears to address those alleged defects" identified by motion to dismiss); *Polk v. Psychiatric Prof'l Servs., Inc.*, No. 09–CV–799, 2010 WL 1908252, at *2 (S.D. Ohio Mar. 29, 2010) ("[W]hen a motion to amend only addresses a discrete issue, it may not moot the underlying motion to dismiss.").

The third amended complaint, on its face, appears to address the defects identified in the motion to dismiss. Furthermore, the third amended complaint does not purport to incorporate any aspect of the second amended complaint. Accordingly, Allstate's motion to dismiss certain counts of the second amended complaint [17] is **DENIED as moot**.

---

[4] *See* Docs. #18, #23, #24, #27.

2

**SO ORDERED**, this 24th day of February, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**